[Cite as *State v. Bobb*, 2011-Ohio-534.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2007-0076 |
| JUSTIN A. BOBB | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  CR2006-0314


JUDGMENT:     Reversed in Part and Remanded


DATE OF JUDGMENT ENTRY:     February 3, 2011


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

MICHAEL HADDOX          ROBERT D. ESSEX
PROSECUTING ATTORNEY          1664 East Broad Street
RON WELCH          Suite 302
ASSISTANT PROSECUTOR          Columbus, Ohio  43203
27 North Fifth Street, Suite 201
Zanesville, Ohio  43701

*Wise, J.*

{¶1}   Appellant Justin A. Bobb appeals from his conviction on several counts of theft-related felony offenses in the Court of Common Pleas, Muskingum County. The relevant facts leading to this appeal are as follows.

{¶2}   On December 29, 2006, appellant pled guilty to one count of aggravated burglary (F-1), one count of robbery (F-2), two counts of theft of a firearm (F-3), one count of theft of drugs (F-4), and one count of theft (F-5). The trial court accepted appellant's pleas and set the matter for sentencing on February 12, 2007. At that time, appellant was sentenced to five years in prison on the aggravated burglary count, five years on the robbery count, one year on each of the theft of firearm counts, one year on the theft of drugs count, and eleven months on the theft count. All counts were ordered to run concurrently, except the two theft of firearm counts, which were ordered to run consecutively to each other and to the remaining counts. The total sentence was thus seven years in prison.

{¶3}   On or about May 19, 2010, appellant obtained leave from this Court to file a delayed appeal. Although we had earlier denied appellant's request for leave for a delayed appeal, the State asked us to reconsider same due to a habeas order from the United States District Court.

{¶4}   Appellant herein raises the following sole Assignment of Error:

{¶5}   "I. THE ROBBERY AND THEFT COUNTS ARE ALLIED OFFENSES OF SIMILAR IMPORT COMMITTED WITH A SINGLE ANIMUS. THE TRIAL COURT ERRED BY IMPOSING SEPARATE AND CONSECUTIVE SENTENCES FOR THE THREE OFFENSES WHEN IT SHOULD HAVE DIRECTED THE PROSECUTOR TO

ELECT WHICH OFFENSE(S) APPELLANT SHOULD BE CONVICTED OF AND SENTENCED ON."

I.

{¶6}    In his sole Assignment of Error, appellant challenges his sentence on the basis that the two charges for theft of a firearm (Counts 5 and 7) were allied offenses of similar import to the charge of robbery (Count 3).

{¶7}    R.C. 2941.25 reads as follows:

{¶8}    "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶9}    "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶10}    Because we are herein addressing a delayed appeal, we are compelled to recognize the significant changes in allied offense jurisprudence in recent years.[1] At the time of appellant's conviction and sentence in late 2006 and 2007, the law in Ohio concerning R.C. 2941.25 was based on *State v. Rance,* 85 Ohio St.3d 632, 636, 710 N.E.2d 699, 1999-Ohio-291, wherein the Ohio Supreme Court had held that offenses are of similar import if the offenses "correspond to such a degree that the commission of

---

[1]    The State has cited, for example, the First District's decision in *State v. Mitchell* (1983), 6 Ohio St.3d 416; however, this case predates the Ohio Supreme Court's recent rulings in this area.

one crime will result in the commission of the other." *Id.* The *Rance* court further held that courts should compare the statutory elements in the abstract. *Id.*

**{¶11}** Approximately one year after appellant's sentence, the Ohio Supreme Court instructed as follows in *State v. Cabrales,* 118 Ohio St.3d 54, 886 N.E.2d 181, 2008-Ohio-1625, syllabus:

**{¶12}** "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in the commission of the other, then the offenses are allied offenses of similar import."

**{¶13}** According to *Cabrales,* if the sentencing court has initially determined that two crimes are allied offenses of similar import, the court then proceeds to the second part of the two-tiered test and determines whether the two crimes were committed separately or with a separate animus. *Id.* at 57, 886 N.E.2d 181, citing *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.

**{¶14}** However, subsequent to the oral arguments in the present appeal, the Ohio Supreme Court decided *State v. Johnson*, ---- N.E.2d ----, 2010-Ohio-6314, which specifically overruled the 1999 *Rance* decision. The Court held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." Id., at the syllabus.

**{¶15}** Appellant's two theft of firearm convictions were based on R.C. 2913.02(A)(1), which states: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services *** [w]ithout the consent of the owner or person authorized to give consent."

**{¶16}** Appellant's conviction for robbery was based on R.C. 2911.02(A)(2), which states: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall *** [i]nflict, attempt to inflict, or threaten to inflict physical harm on another."

**{¶17}** In the case sub judice, the three counts in question all apparently stemmed from the same incident on October 17, 2006, and all involved the same victim, Myron Thomas, the owner of the firearms. The State, relying on *Cabrales*, responds that the original motive for the robbery was that appellant and his co-defendants were seeking to steal pills and money; hence there was a separate animus for the theft of the two firearms from Mr. Thomas. In support, the State in its brief directs us to appendices in the form of Muskingum County Sheriff reports. These appendices, however, do not appear in the trial court record. Furthermore, because the guilty plea hearing in this matter predated both *Cabrales* and *Johnson*, the trial court was not afforded the opportunity to review the pertinent issues in the allocution portion of appellant's plea hearing transcript of December 29, 2006. We note our review on appeal is limited to those materials in the record that were before the trial court. See, e.g., *State v. DeMastry,* 155 Ohio App.3d 110, 119-120, 799 N.E.2d 229, 2003-Ohio-5588, citing *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500.

**{¶18}** In the interest of justice, appellant's sole Assignment of Error is sustained to the extent that the matter will be remanded for a new sentencing hearing to analyze appellant's conduct in the offenses at issue pursuant to the requirements of *Cabrales* and *Johnson,* and, if necessary, to review potential merger of the offenses for sentencing.

**{¶19}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Muskingum County, Ohio, is hereby reversed in part and remanded for further proceedings consistent herewith.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., dissents.

_____

_____

_____

JUDGES

JWW/d 1217

*Hoffman, P.J., dissenting*

{¶20} I respectfully dissent from the majority opinion. I believe the record of the sentencing hearing is sufficient to allow this Court to determine the issue presented by applying *State v. Johnson*, Slip Opinion No. 2010-Ohio-6314, and to address the State's argument regarding separate animus – without the need to examine the Muskingum County Sheriff reports or for further hearing.

{¶21} This case presents the first opportunity I have had to apply *Johnson*. Having read *Johnson* several times, I confess I am left a bit confused as to its instruction. The fact the decision contains three separate opinions, with one justice concurring in two of those separate opinions and one justice not concurring in any of the three opinions, contributes to my confusion. Although all the justices are unanimous in overruling *State v. Rance* (1999), 85 Ohio St.3d 632, and at least six justices acknowledge the difficulty trial courts and the courts of appeals have had applying *Rance*, I find the new analysis still confusing. I find some comfort in Chief Justice Brown's concession "this analysis may be sometimes difficult to perform and may result in varying results for the same set of offenses in different cases. But different results are permissible…" Id. at ¶52.

{¶22} When choosing to follow the direction of Justice Brown's "Prospective analysis", I am instructed "…, the court need not perform any hypothetical or abstract comparison of the offenses at issue…" Id. at ¶47. Yet, in the next sentence, we are told "…the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other." Id. at ¶48 (emphasis in original). Justice Brown then quotes Justice Whiteside's

concurring opinion in *State v. Blankenship* (1988), 38 Ohio St.3d 116, wherein Justice Whiteside opines "…it is sufficient if both offenses *can be* committed by the same conduct …a matter of possibility rather than certainty…" Id. (emphasis in original). This language leads me to conclude I begin with a hypothetical or abstract comparison of whether it is possible the same conduct can result in the commission of both offenses - something the preceding paragraph specifically advises I need not do.

{¶23} My [mis]interpretation is reinforced in Justice Brown's next paragraph wherein he states "*If* the multiple offenses can be committed by the same conduct, *then* the court must determine whether the offenses were committed by the same conduct, …"*Johnson*, supra, at ¶49 (emphasis added). I interpret this to first direct an abstract comparison of the offenses, and if that comparison results in a determination the offenses are of similar import, then an analysis of whether the offenses were committed by the same conduct [in the actual case being reviewed] becomes necessary. Justice Brown next directs if the answer to both questions is yes, then the offenses are *allied* offenses of similar import." Id. at ¶50 (emphasis added).

{¶24} I now apply what I understand the new test to be to the case sub judice, because it is possible to commit both robbery and theft by the same conduct, I find those two offenses are of "similar import".

{¶25} Having so determined, I must next determine whether the "same conduct" of Appellant resulted in the commission of the robbery and two theft of firearm counts.[2] The majority notes the three counts in question all apparently stemmed from the same

---

[2] My analysis is limited to the robbery and two theft of firearms counts as I am constrained by the legal arguments raised in the briefs as noted by Justice O'Connor in *Johnson* Id. at ¶70.

incident on October 17, 2006, and all involved the same victim (Majority Opinion at ¶17). The majority's conclusion is supported by a review of the indictment and the trial court's allocution at the sentencing hearing (See Tr. Feb. 12, 2007 Sentencing Hearing at p. 6). The majority's conclusion is inferentially buttressed by the State's only offered rebuttal argument regarding separate animus. Therein, the State does not suggest the firearm thefts did not occur during the same incident as the robbery. Rather, the State argues because Appellant's original intent was only to steal money and drugs, the thefts of the firearms were committed with separate animus. I find the State's argument unpersuasive.

**{¶26}** Appellant's underlying animus (to commit a theft during commission of the robbery) never changed, only the extent of the theft did.

**{¶27}** I find support for my decision from Justice Brown's discussion in *Johnson* wherein he declines the State's invitation "to parse" Johnson's conduct in order to sustain multiple convictions. Id. at ¶56. Similarly, I decline to parse each and every individual item taken during the course of the robbery into multiple theft convictions.

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :           JUDGMENT ENTRY
                                                 :
JUSTIN A. BOBB                                   :
                                                 :
    Defendant-Appellant                      :           Case No. CT2007-0076


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed in part and remanded for further proceedings consistent with this opinion.

Costs assessed to appellee.


_____


_____


_____

JUDGES