[Cite as *State v. Jones*, 2011-Ohio-4934.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No.     25676 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARRELL H. JONES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 2006-07-2670 (A) |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2011

WHITMORE, Presiding Judge.

{¶1}    Appellant, Darrell Jones, appeals the order of the Summit County Court of Common Pleas that sentenced him to prison.  This Court reverses.

I.

{¶2}    In 2007, a jury found Jones guilty of possession of cocaine, trafficking in heroin, having weapons while under a disability, possession of criminal tools, and two counts of possession of heroin.  One count of possession of heroin was a first-degree felony under R.C. 2925.11(C)(6)(e) and one was a second-degree felony under R.C. 2925.11(C)(6)(d).  This is Jones' fourth appeal.  In his first and second appeals, we vacated the trial court's sentencing entries without addressing his assignments of error because the trial court did not accurately inform him of his post-release control obligations.  *State v. Jones*, 9th Dist. No. 24520, 2009-Ohio-3360 ("*Jones I*"); *State v. Jones*, 9th Dist. No. 23875, 2008-Ohio-5443 ("*Jones II*").  This Court addressed the merits of his third appeal, reversing the trial court's judgment in part and

ordering a new sentencing hearing because he had received multiple sentences for allied offenses of similar import. *State v. Jones*, 9th Dist. No. 25032, 2010-Ohio-4455, at ¶15-18, 21 ("*Jones III*").

{¶3} On October 22, 2010, the trial court sentenced Jones again. This time, the trial court merged his convictions for possession of heroin and trafficking in heroin for purposes of sentencing and sentenced him to a four-year prison term. The trial court also sentenced him to prison terms of four years for possession of cocaine; twelve months for having weapons while under disability; six months for possessing criminal tools; and another three-year prison term for the second conviction of possession of heroin. Jones appealed, raising four assignments of error for our review.

II.

Assignment of Error Number One

"THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING APPELLANT BASED UPON OFFENSES WHICH WERE BARRED BY THE ALLIED OFFENSE STATUTE."

{¶4} Jones' first assignment of error is that the trial court committed plain error by sentencing him to separate prison terms for each possession of heroin conviction because the crimes did not arise from separate animus. He has argued that, although this Court reviewed the merits of his assignment of error in his last appeal and rejected a similar argument, this Court should reverse and remand this case on the authority of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶5} In *Jones III*, this Court determined that Jones' convictions for possession of heroin arose from separate animus based on our analysis of the offenses under *State v. Blankenship* (1988), 38 Ohio St.3d 116. *Jones III* at ¶17. We concluded that the two convictions

were based on the possession of two separate amounts of heroin and overruled Jones' assignment of error with respect to these convictions. When we decided Jones' last appeal, and when the trial court resentenced him, precedent from the Ohio Supreme Court required trial courts to analyze the elements of charged offenses in the abstract. See *State v. Rance* (1999), 85 Ohio St.3d 632, paragraph one of the syllabus. The Supreme Court overruled *Rance* in December 2010, however, and held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson* at syllabus. Since then, this Court has consistently remanded cases for further proceedings in the trial court to apply *Johnson* for the first time. See, e.g., *State v. Vitt*, 9th Dist. No. 10CA0016-M, 2011-Ohio-1448, at ¶8; *State v. Brown*, 9th Dist. No. 25287, 2011-Ohio-1041, at ¶50. Because imposing two sentences for allied offenses constitutes plain error, we have also recognized that it is appropriate to remand cases for consideration under *Johnson* when the appellant argues plain error. See *State v. Reives-Bey*, 9th Dist. No. 25138, 2011-Ohio-1778, at ¶28-33, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, at ¶31.

{¶6} Jones' previous appeal does not foreclose consideration of his argument in light of *Johnson*. Under the doctrine of the law of the case, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3. Consequently, "the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." Id. at 4. The doctrine is a rule of practice, however, and an exception to its application exists when there has been an intervening decision of the Supreme Court. See id. at 5. *Johnson* is such a decision and, in light of our precedent, it is appropriate to remand this case so that the trial court can apply *Johnson* in the first instance.

{¶7} In reaching this conclusion, it is significant that Jones' resentencing hearing in 2010 followed this Court's opinion in which we reversed in part and remanded for resentencing to correct another problem related to allied offenses. In a similar context, the Ohio Supreme Court has concluded that "[t]he doctrine of res judicata does not bar a defendant from objecting to issues that arise at the resentencing hearing or from the resulting sentence." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, at ¶30. Other courts that have reached a different result have done so in a different context. See, e.g., *State v. Freeman*, 11th Dist. No. 2010-T-0069, 2011-Ohio-2457, at ¶13; *State v. Poole*, 8th Dist. No. 94759, 2011-Ohio-716, at ¶3. In those cases, the appeal was taken after a resentencing hearing was held to correct problems with post-release control notification. The courts applied *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, and concluded that the scope of the appeals was limited to issues arising from the resentencing which, in turn, was limited to post-release control. See *Freeman* at ¶10-13; *Poole* at ¶10-15. As noted above, however, this case presents a different situation.

{¶8} Because the trial court resentenced Jones before *Johnson* was decided and the imposition of multiple sentences for allied offenses constitutes plain error, his first assignment of error is sustained. The matter is remanded to the trial court to consider the application of *Johnson*.

<u>Assignment of Error Number Two</u>

"THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW."

<u>Assignment of Error Number Three</u>

"THE TRIAL COURT ERRED IN SENTENCING APPELLANT BY FAILING TO INCLUDE THE REQUIREMENTS OF R.C. §2929.19(B)(3)(f) IN THE JUDGMENT OF CONVICTION."

Assignment of Error Number Four

"THE TRIAL COURT ERRED IN SENTENCING APPELLANT BY FAILING
TO CALCULATE APPELLANT'S JAIL TIME CREDIT."

{¶9} Jones' remaining assignments of error challenge other aspects of his sentencing. In light of this Court's resolution of his first assignment of error, his second, third, and fourth assignments of error are not yet ripe for review. See *Reives-Bey* at ¶35.

III.

{¶10} Jones' first assignment of error is sustained. As set forth above, we do not reach his remaining assignments of error. The judgment of the Summit County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

DEREK CEK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.