[Cite as *State v. McDaniel*, 2011-Ohio-5001.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 25492 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| MARCEL D. MCDANIEL | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 02 11 3315 (A) |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

---

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Marcel McDaniel appeals from his resentencing in the Summit County Court of Common Pleas. For the reasons stated below, we affirm in part and reverse in part.

I.

{¶2} In November 2002, Mr. McDaniel and Keith Gilcreast were indicted on several charges related to a shooting at a car wash. A supplemental indictment was filed in 2003. The matter proceeded to trial. With respect to the charges against Mr. McDaniel, the jury was unable to reach a verdict.

{¶3} Prior to a retrial, in May 2003, Mr. McDaniel pleaded guilty to attempted murder with an accompanying firearm specification and felonious assault, as contained in amended count one and count two of the indictment. The remaining charges against Mr. McDaniel were

dismissed. The trial court sentenced Mr. McDaniel to a total of nineteen years in prison. Mr. McDaniel did not file a direct appeal.

{¶4} In May 2009, Mr. McDaniel filed a pro se motion to withdraw his guilty plea, asserting that he was incorrectly informed of his post-release control obligations. On June 2, 2009, the trial court denied his motion in part because Mr. McDaniel failed to submit a complete transcript of the plea hearing. Mr. McDaniel filed a motion for leave to file an amended motion to withdraw his guilty plea, along with an amended motion, which included a transcript of the entire plea hearing. The trial court denied the motion as it considered it a motion for reconsideration. Mr. McDaniel then appealed the trial court's June 2, 2009 entry. This Court concluded that the entry was interlocutory and was not a final, appealable order as the 2003 sentencing entry contained erroneous post-release control notification, which we concluded rendered the 2003 entry void. This Court, therefore, dismissed the appeal, vacated the 2003 sentencing entry, and remanded for a new sentencing hearing.

{¶5} Prior to resentencing, Mr. McDaniel filed a "[r]enewed" motion to withdraw his guilty plea. A resentencing hearing was held June 4, 2010, during which Mr. McDaniel withdrew his motion to withdraw his guilty plea. Midway through the hearing, Mr. McDaniel sought to "push forward" with his motion to withdraw, but the trial court instead proceeded to sentencing. Mr. McDaniel was resentenced to nineteen years in prison. Mr. McDaniel subsequently filed a motion to withdraw his plea. Thereafter, Mr. McDaniel appealed his resentencing entry, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN FAILING TO CONDUCT A DE NOVO
SENTENCING HEARING AS PREVIOUSLY REQUIRED BY THIS COURT."

{¶6}    Mr. McDaniel asserts in his first assignment of error that the trial court erred as it failed to conduct a de novo sentencing hearing.  We disagree.

{¶7}    Mr. McDaniel's basis for his argument that the trial court did not resentence him de novo is that the trial court stated that "we're here today for a resentencing on a technicality." While it is true that the trial court did make this comment, it is apparent from the record that the trial court conducted a de novo sentencing hearing and that the hearing encompassed more than just a mere imposition of post-release control. For example, the trial court heard extensive discussion and argument concerning Mr. McDaniel's sentence.  At the outset, the State acknowledged that the trial court was free to resentence Mr. McDaniel as it saw fit.  Mr. McDaniel was represented by counsel and given the opportunity to speak at the hearing.  Mr. McDaniel has failed to articulate anything that the trial court failed to do or consider which would render his resentencing hearing less than a de novo resentencing.  See App.R. 16(A)(7). Accordingly, based on Mr. McDaniel's limited argument, we overrule his first assignment of error.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES FOR THE OFFENSES OF ATTEMPTED MURDER AND FELONIOUS [ASSAULT] BECAUSE SAID OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT AND THEREFORE MUST BE MERGED."

{¶8}    Mr. McDaniel argues in his second assignment of error that the trial court erred in failing to merge his convictions for attempted murder and felonious assault for purposes of sentencing.

{¶9}    In December 2010, the Supreme Court of Ohio reviewed its prior allied offense case law in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. In *Johnson*, the Court

overruled *State v. Rance* (1999), 85 Ohio St.3d 632, and held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson* at syllabus. The main opinion stated that "the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other." Id. at ¶48. "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., a single act, committed with a single state of mind." (Internal quotations and citation omitted.) Id. at ¶49. "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." Id. at ¶50.

{¶10} As *Johnson* was decided after the trial court resentenced Mr. McDaniel, the trial court did not have the opportunity to consider *Johnson* in deciding whether the offenses at issue were allied. This Court has previously concluded that the trial court should make this determination in the first instance. See, e.g., *State v. Vitt,* 9th Dist. No. 10CA0016–M, 2011-Ohio-1448, at ¶8. Accordingly, we remand this issue to the trial court for further proceedings consistent with this opinion. See, e.g., *State v. Brown*, 9th Dist. No. 25287, 2011-Ohio-1041, at ¶50; *State v. Bobb*, 5th Dist. No. CT2007-0076, 2011-Ohio-534, at ¶¶18-19.

## ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED IN REFUSING TO CONSIDER THE APPELLANT'S ORAL MOTION TO WITHDRAW HIS GUILTY PLEA WHICH WAS MADE PRIOR TO SENTENCING THEREFORE WARRANTING A HEARING ON THE MATTER. FURTHERMORE, THE APPELLANT MOVES THIS COURT TO CONSIDER THE MOTION TO WITHDRAW THE GUILTY PLEA IN AN INTERLOCUTORY MANNER BECAUSE HIS PLEA IS VOID DUE TO THE TRIAL COURT['S] FAILURE TO INFORM THAT BY PLEADING, THE APPELLANT WOULD WAIVE HIS RIGHT TO A JURY TRIAL."

**{¶11}** Mr. McDaniel asserts in his third assignment of error that the trial court erred in refusing to consider his oral motion made during the sentencing hearing to withdraw his guilty plea. We disagree.

**{¶12}** Prior to Mr. McDaniel's resentencing hearing, he filed a motion to withdraw his plea. However, the record reflects that sometime prior to the hearing, Mr. McDaniel's counsel phoned the trial court and stated that she was withdrawing the motion. In addition, at the beginning of the resentencing hearing, Mr. McDaniel asked to withdraw his motion to withdraw his guilty plea. The trial court agreed to let him withdraw his motion. Then, after discussion of the substantive sentencing issues, counsel for Mr. McDaniel stated that Mr. McDaniel "wanted to push forward with his motion to withdraw his guilty plea." However, as Mr. McDaniel did not have a pending motion to withdraw his plea, there was no motion "to push forward with[.]" Thus, in light of the parties' and the trial court's understanding prior to the hearing that the motion was withdrawn, an understanding which was confirmed at the beginning of the hearing, and as there was technically no pending motion before the trial court when Mr. McDaniel sought to have his motion ruled upon, we cannot say that the trial court abused its discretion in proceeding to sentence Mr. McDaniel. Accordingly, we overrule Mr. McDaniel's third assignment of error.

III.

**{¶13}** In light of the foregoing, we overrule Mr. McDaniel's first and third assignments of error. With respect to the second assignment of error, the judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded to the trial court for consideration of the issue in light of *Johnson*.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR

APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.