[Cite as *State v. Creel*, 2011-Ohio-5893.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    25476 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM L. CREEL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 09 12 3845 |

DECISION AND JOURNAL ENTRY

Dated: November 16, 2011

CARR, Presiding Judge.

{¶1} Appellant, William Creel, appeals the judgment of the Summit County Court of Common Pleas. This Court reverses and remands for further proceedings.

I.

{¶2} Creel was convicted of and sentenced for several criminal offenses, including two counts of murder, improperly discharging a firearm, tampering with evidence, and felonious assault. Creel has appealed, raising two assignments of error related to his sentence. The State has conceded that the trial court erred in imposing sentences on allied offenses. We have reviewed the record and agree with the parties that Creel's sentence should be reversed and the matter remanded to the trial court.

## II.

{¶3} In his first assignment of error, Creel argues that the trial court erred when it sentenced him on allied offenses of similar import. The State has conceded that the trial court erred.

{¶4} In December 2010, several months after the trial court sentenced Creel, the Supreme Court of Ohio announced a new test for determining whether multiple offenses are allied offenses for sentencing purposes. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus. Creel and the State agree that the offenses for which he was convicted are allied offenses of similar import. Because *Johnson* was decided after the trial court sentenced Creel, the trial court did not have the opportunity to consider *Johnson* in deciding whether the offenses at issue were allied and, if so, the State has not had the opportunity to elect on which offense it wishes to proceed for sentencing. This Court has consistently remanded similar cases so that the trial court could make this determination in the first instance. See, e.g., *State v. McDaniel*, 9th Dist. No. 25492, 2011-Ohio-5001; *State v. Vitt*, 9th Dist. No. 10CA0016–M, 2011-Ohio-1448; *State v. Jones*, 9th Dist. No. 25676, 2011-Ohio-4934. Accordingly, the first assignment of error is sustained, we reverse Creel's sentence, and remand this case to the trial court for further proceedings consistent with this opinion. In light of this Court's resolution of his first assignment of error, his second assignment of error is not yet ripe for review.

## III.

{¶5} Creel's first assignment of error is sustained and we decline to address his second assignment of error. The judgment of the Summit County Court of Common Pleas is reversed and the matter is remanded to the trial court for consideration of the issue in light of *Johnson*.

Judgment reversed and
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

JILL R. FLAGG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.