[Cite as *State v. Kosturko*, 2016-Ohio-912.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

    v.

ANDREW KOSTURKO

    Appellant

C.A. No.    27879

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2011 07 1882

DECISION AND JOURNAL ENTRY

Dated: March 9, 2016

HENSAL, Judge.

{¶1}    Defendant-Appellant, Andrew Kosturko, appeals the denial of his motion for resentencing from the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    In 2012, a jury found Defendant-Appellant, Andrew Kosturko, guilty of felonious assault, gross sexual imposition, and domestic violence. The trial court sentenced Kosturko to a six-year prison term. The details of his convictions and sentence are set forth in this Court's prior decision in *State v. Kosturko*, 9th Dist. Summit No. 26676, 2013-Ohio-2670.

{¶3}    Kosturko timely filed a notice of appeal and was appointed appellate counsel. Having concluded that no non-frivolous grounds for appeal existed, Kosturko's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw as counsel.

This Court issued a magistrate's order affording Kosturko an opportunity to respond to his counsel's *Anders* brief, but Kosturko never filed a response.

{¶4} After conducting an independent review of the record, we determined that no non-frivolous grounds for appeal existed. *Kosturko* at ¶ 5. Accordingly, we granted Kosturko's counsel's motion to withdraw, and affirmed the judgment of the Summit County Court of Common Pleas. *Id.* at ¶ 6. Kosturko subsequently moved to reopen his appeal under Appellate Rule 26(B), arguing that his appellate counsel failed to inform him that he had the ability to respond to her *Anders* brief, and that her performance as counsel was ineffective. We denied Kosturko's application, holding that he failed to demonstrate that his appellate counsel was ineffective under Appellate Rule 26(B).

{¶5} Undeterred, Kosturko moved for leave to file a delayed appeal of the trial court's September 27, 2012, judgment of conviction, which we denied in light of his previously perfected appeal. Kosturko then filed a motion for resentencing, which the trial court denied. Kosturko now appeals the trial court's denial of his motion for resentencing, raising five assignments of error for our review. We have combined Kosturko's assignments of error for ease of consideration.

II.

ASSIGNMENT OF ERROR I

TRIAL COURT EXCEEDED IT[]S AUTHORITY IN DENYING (KOSTURKO'S) MOTION FOR RESENTENCING BECAUSE HIS SENTENCE IS VOID, A VIOLATION OF THE DUE PROCESS CLAUSES OF BOTH THE UNITED STATES AND THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR II

JURY VERDICT FORMS VIOLATE[D] O.R.C. §2945.75, AND STATE V. PELFREY VERDICT FORMS FAIL TO INCLUDE THE DEGREE OF THE

OFFENSE OR AN AGGRAVATING ELEMENT (STATEMENT) TO JUSTIFY THE JURY'S FINDINGS OF A CONVICTION FOR FELONIOUS ASSAULT.

ASSIGNMENT OF ERROR III

TRIAL COURT ERRED AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS WHEN THE COURT FAILED TO GIVE SPECIAL INSTRUCTION WHICH IS APPLICABLE IN A CHARGE OF FELONIOUS ASSAULT R.C. §2903.11.

ASSIGNMENT OF ERROR IV

TRIAL COURT ERRED BY FAILING TO SENTENCE THE APPELLANT TO THE MINIMUM SENTENCE AS A FIRST TIME OFFENDER.

ASSIGNMENT OF ERROR V

APPELLANT['S] COUNSEL WAS INEFFECTIVE WHEN COUNSEL FILED AN ANDERS BRIEF CLAIMING THERE WAS NO MERIT FOR AN APPEAL.

{¶6} Kosturko makes several arguments on appeal, including that his sentence is void, that the trial court failed to properly instruct the jury on the felonious assault charge, that the trial court should have imposed a lesser sentence because he was a first-time offender, and that his appellate counsel was ineffective. We, however, decline to address the merits of Kosturko's appeal given our resolution of Kosturko's prior appeal and the application of the law-of-the-case doctrine.

{¶7} "The law of the case doctrine 'provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Neiswinter v. Nationwide Mut. Fire Ins. Co.*, 9th Dist. Summit No. 23648, 2008-Ohio-37, ¶ 10, quoting *Nolan v. Nolan,* 11 Ohio St.3d 1, 3 (1984). Accordingly, "the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." *State v. Jones*, 9th Dist. Summit No. 25676, 2011-Ohio-4934, ¶ 6, quoting *Nolan* at 4. "More specific to the case at hand, it has been

found that where a 'court affirm[s] the convictions in the First Appeal, the propriety of those convictions [becomes] the law of the case, and subsequent arguments seeking to overturn them [become] barred.'" *State v. Ortega*, 9th Dist. Lorain No. 08CA009316, 2008-Ohio-6053, ¶ 7, quoting *State v. Harrison,* 8th Dist. Cuyahoga No. 88957, 2008-Ohio-921, ¶ 9.

**{¶8}** This Court upheld Kosturko's convictions in his first appeal, finding that no non-frivolous grounds for appeal existed. Further, in our decision denying Kosturko's application to reopen his appeal, we held that Kosturko failed to demonstrate that his appellate counsel was ineffective pursuant to Appellate Rule 26(B). Accordingly, we find that the law-of-the-case doctrine applies, thus barring Kosturko's arguments. Kosturko's assignments of error are overruled.

III.

**{¶9}** Kosturko's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ANDREW KOSTURKO, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.