[Cite as *State v. May*, 2012-Ohio-2766.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97354**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DENNIS F. MAY

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-547913

**BEFORE:**   Sweeney, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   June 21, 2012

**ATTORNEY FOR APPELLANT**

Elena N. Lougovskaia, Esq.
Lougovskaia Boop, L.L.C.
815 Superior Avenue, Suite 1412
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By:   Brian M. McDonough, Esq.
Assistant County Prosecutor
Eighth Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

JAMES J. SWEENEY, J.:

{¶1} Defendant-appellant Dennis May ("defendant") appeals various aspects of the sentences that the trial court imposed on him following his guilty plea and convictions for five counts of sexual battery in violation of R.C. 2907.02(A)(1)(b). He contends the court erred (1) by imposing consecutive sentences without making statutory findings, (2) by imposing a term of community control sanctions to commence upon the completion of his prison term; and (3) by requiring him to submit to polygraph examinations as part of his community control sanctions. For the reasons that follow, we affirm.

{¶2} The state charged defendant with 34 offenses, including rape, gross sexual imposition, and kidnapping with sexual motivation and sexually violent predator specifications. The alleged victim is a child under the age of thirteen.[1] Defendant pled guilty to five amended counts of sexual battery, felonies of the third degree, and all remaining counts and specifications were nolled.

{¶3} Prior to sentencing, defense counsel requested the court to order a mitigation and presentence investigation report and an eligibility interview for the Wood County Community-Based Correctional Facility. The trial court did so. Subsequently, however, defendant refused to participate in the eligibility screen for the community-based correctional facility.

---

[1]To the extent possible, this opinion will not detail any specifics that would jeopardize the privacy interests of this child.

**{¶4}** Defendant's sentencing hearing took place on August 31, 2011. Defendant appeared with new counsel.

**{¶5}** The state addressed the court and specifically invoked the principles and purposes of felony sentencing contained in R.C. 2929.11. The state proceeded to detail its position that several of the "more serious" factors applied in this case, specifically the injury, was exacerbated by the victim's age (being under 13 years old), the victim suffered serious psychological harm, and the relationship between the victim and the defendant.

**{¶6}** The state cited the following factors it considered indicative of recidivism being more likely: defendant's prior criminal convictions, defendant's lack of genuine remorse, and defendant's admitted addiction to pornography.

**{¶7}** The state conceded that defendant accepted some responsibility by entering a guilty plea.

**{¶8}** The record reflects that "as part and parcel of the plea agreement, the defendant agreed that the five counts of sexual battery would not be allied offenses."

**{¶9}** Defendant faced a maximum prison sentence of 25 years.

**{¶10}** According to the record, defendant began committing these type of crimes when the victim was only five years old, which were on-going until the victim was under the age of 13. The state described the defendant's criminal conduct as "escalating" and "shocking."

**{¶11}** Defense counsel suggested mitigating factors including the victim's age of 47, acceptance of responsibility by entering a guilty plea, and no adult felony record.

The defense conceded that defendant was in a position of authority over the victim. The defense indicated defendant is remorseful and that he wanted another opportunity to be assessed for community based correction.

{¶12} Defendant addressed the court and expressed his desire to apologize. The trial court noted that defendant denied his guilt in the PSI and refused to participate in the eligibility interview.

{¶13} The court made numerous findings concerning defendant's conduct and the nature and severity of these offenses. The court articulated at length its dismay that no sentence could rectify the harm done to the victim in this case. The court explicitly considered defendant's guilty plea and expressions of remorse as mitigating factors. The court also considered that defendant had lived a law abiding life for a number of years. The court's findings tracked the statutory guideposts of Ohio's felony sentencing law. It found three recidivism factors present. The court found defendant's crimes very serious in nature. The court indicated the following sentence was required "to achieve the purposes and principles of felony sentencing":

{¶14} A one year prison term on count 13, consecutive to a two year prison term on count 14, consecutive to a three year prison term on count 15, for an aggregate term of six years. The trial court imposed a five-year term of community control sanctions on counts 16 and 17 to commence upon his release from the six year prison term imposed for the other counts.

{¶15} Upon defendant's completion of his prison sentence, the court directed the probation department to determine whether he is eligible for participation in the

community-based correction program. If not, defendant would be placed in the sex offender unit to "receive sex offender treatment, regular polygraph examinations, sex offender supervision and maintain full-time employment, these recommendations as set forth by the probation department."

{¶16} Defendant's appeal presents three assignments of error for our review.

{¶17} "Assignment of Error No.1: The trial court committed reversible error by imposing non-mandatory consecutive prison terms without making the findings required in R.C. 2929.14(C)(4), which revives R.C. 2929.14(E)(4) and applies retroactively."

{¶18} Defendant was sentenced on August 31, 2011. At that time, the trial judges were not mandated to make statutory findings as a prerequisite to imposing consecutive sentences. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 99 (excising portions of Ohio's sentencing law as unconstitutional and holding that "judicial fact-finding is not required before imposition of consecutive prison terms.") Despite the pronouncement in *Foster*, the Ohio legislature never repealed, and subsequently re-enacted, the statutory provisions that were excised by *Foster*.

{¶19} In *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraph three of the syllabus, the Ohio Supreme Court held that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made."

{¶20} When it decided *Hodge,* the Ohio Supreme Court must have considered the fact that the legislature had never changed or deleted the judicial fact-finding provisions in any of the post-*Foster* amendments. *Id.*, 2010-Ohio-6320, ¶ 6 (noting the General

Assembly is "no longer constrained by *Foster's* holdings * * * and may, if it chooses to do so, respond with enactment of a statutory provision in light of *Ice's* holding.") The General Assembly did just that with amendments contained in Am.Sub.H.B.No. 86. These provisions took effect on September 30, 2011, and included judicial fact-finding requirements for imposing consecutive sentences. R.C. 2929.14(C)(4) provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶21}** Although the trial court commented at length on the rationale it used to craft defendant's sentence, we need not decide whether the findings satisfy the requirements of the above-quoted provision. This court has found that the amendments are not applicable to individuals who were sentenced prior to the September 30, 2011 effective date. *State v. Calliens*, 8th Dist. No. 97034, 2012-Ohio-703, ¶ 28.

{¶22} This assignment of error is overruled.

{¶23} "Assignment of Error II: The trial court committed a reversible error by imposing a sentence of five years of community control sanctions to commence upon the completion of Appellant's six years of incarceration."

{¶24} This error concerns the trial court's decision to impose a five-year term of community control sanctions on counts 16 and 17 consecutive to the six-year aggregate prison term he received on the remaining counts.

{¶25} Notably, the trial court imposed a five-year prison term on each counts 16 and 17 to be served consecutively to each other, totaling a ten-year prison sentence in the event community control sanctions is violated.

{¶26} Defendant complains about his receipt of the community control sanction term to the extent it will run consecutive to his prison term. Defendant's position is that it must commence immediately upon sentencing and cannot be "tolled" under these circumstances. If defendant's interpretation is correct, the trial court's imposition of community control sanctions would be pointless because it would expire prior to his release from prison. In practicality, this would bind trial courts in many cases to imposing prison sentences on all counts in multiple conviction cases where some period of incarceration is deemed necessary in order to accomplish the purposes of sentences. It would hamper the trial court's ability to fashion less restrictive sentencing alternatives. For example, we can ascertain from this record that the trial court determined that the facts supported a 16-year prison term but the court opted to suspend ten years of it by releasing defendant from prison after six years to serve a term of community control

sanctions. The trial court's sentence is fashioned in such a way that defendant has an opportunity to rejoin society albeit under court supervision and subject to certain conditions. If he violates community control, defendant will be returned to prison to complete the remainder of his sentence.

{¶27} Defendant relies upon R.C. 2929.15(A)(1) which provides,

(A)(1) If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code. If the court is sentencing an offender for a fourth degree felony OVI offense under division (G)(1) of section 2929.13 of the Revised Code, in addition to the mandatory term of local incarceration imposed under that division and the mandatory fine required by division (B)(3) of section 2929.18 of the Revised Code, the court may impose upon the offender a community control sanction or combination of community control sanctions in accordance with sections 2929.16 and 2929.17 of the Revised Code. If the court is sentencing an offender for a third or fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, in addition to the mandatory prison term or mandatory prison term and additional prison term imposed under that division, the court also may impose upon the offender a community control sanction or combination of community control sanctions under section 2929.16 or 2929.17 of the Revised Code, *but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.*

The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years. If the offender absconds or otherwise leaves the jurisdiction of the court in which the offender resides without obtaining permission from the court or the offender's probation officer to leave the jurisdiction of the court, or if the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action. If the court sentences the offender to one or more nonresidential sanctions under section 2929.17 of the Revised Code, the court shall impose as a condition of the nonresidential sanctions that, during the period of the sanctions, the offender must abide by the law and must not leave the state without the

permission of the court or the offender's probation officer. The court may impose any other conditions of release under a community control sanction that the court considers appropriate, including, but not limited to, requiring that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in division (D) of this section to determine whether the offender ingested or was injected with a drug of abuse and requiring that the results of the drug test indicate that the offender did not ingest or was not injected with a drug of abuse.

(Emphasis added.)

**{¶28}** The above-cited statute does not require the term of community control sanction to commence immediately. In fact, portions of the statute recognize that where both a prison term and community control sanctions are imposed, the offender must serve the prison term first.

**{¶29}** R.C. 2929.13(A) provides,

Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction *or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code*.

(Emphasis added.)

**{¶30}** The Fifth District has addressed the exact issue presented here and held that a court can impose community control sanctions for one count, a prison term for a separate count and order the sentences to be served consecutively. *State v. Connor*, 5th Dist. No. 04CAA04-028, 2004-Ohio-6752, ¶ 28-29, citing, *State v. Kinder*, 5th Dist. No. 03CAA12075, 2004-Ohio-4340.

**{¶31}** The law as set forth above supports the finding that the trial court has discretion to impose a combination of sanctions, i.e., a prison term for one count and

community control for another, and to order the offender to serve them consecutively. This assignment of error is overruled.

**{¶32}** "Assignment of Error III: The trial court committed a reversible error by requiring appellant to submit to polygraph examinations as part of his community control sanctions."

**{¶33}** This aspect of defendant's sentence will not take effect until defendant completes his six year prison sentence.

**{¶34}** R.C. 2929.15(A)(1) vests the trial court to impose any condition of community control sanctions it deems appropriate. Courts have broad discretion when imposing conditions. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201. The parties agree that the relevant inquiry to determine whether a court abused this discretion in imposing a condition three-fold: (1) is the condition reasonably related to rehabilitating the offender, (2) does it have some relationship to the crime of which the offender was convicted, and (3) does it relate to conduct that is criminal or reasonably related to future criminality and serves the ends of probation. *Talty*, 2004-Ohio-4888, ¶ 14, citing *State v. Jones*, 49 Ohio St.3d 51, 550 N.E.2d 469 (1990).

**{¶35}** The transcript reflects that submitting to polygraph testing was part of defendant's supervision and treatment through the county probation department's sex offender unit. It is reasonably related to monitoring defendant's conduct in light of the nature of his serious offenses.

**{¶36}** The Ohio Supreme Court addressed the constitutionality of requiring a juvenile delinquent sex offender to submit to polygraph examinations as part of

community control sanctions in *In re D.S.,* 111 Ohio St.3d 361, 2006-Ohio-0992, 856 N.E.2d 921, ¶ 5. Therein, the court's dicta provides that "for the most part on cases involving adult offenders, that full-disclosure polygraphs are common in the treatment of sex offenders." *Id*. at ¶ 6. The Ohio Supreme Court, however, drew a distinction between juvenile and adult offenders. Nonetheless, still it found that the use of a polygraph could be a reasonable probationary condition even for a juvenile under certain circumstances. *Id*. at ¶ 15 (holding that

> before a polygraph can be considered to be a reasonable probationary condition [for a juvenile] there must be a showing that a polygraph is needed for therapeutic reasons in a particular case, that is, for the treatment and monitoring of the juvenile's behavior. The juvenile court judge may then select the condition on a case-by-case basis, based upon advice of a therapist or other relevant expert.)

**{¶37}** Because this case involves an adult sex offender, the imposition of polygraph testing as part of defendant's treatment and supervision while on community control sanctions is reasonable. This assignment of error is overruled.

**{¶38}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

PATRICIA ANN BLACKMON, A.J., CONCURS;
LARRY A. JONES, SR., J., CONCURS IN JUDGMENT ONLY