[Cite as *State v. Creel*, 2012-Ohio-3550.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.   26334 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM L. CREEL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   CR 2009-12-3845 |

DECISION AND JOURNAL ENTRY

Dated: August 8, 2012

WHITMORE, Presiding Judge.

{¶1}   Defendant-Appellant, William Creel, appeals from his convictions in the Summit County Court of Common Pleas.  This Court reverses.

I

{¶2}   A jury convicted Creel of (1) two counts of murder, both with firearm specifications, (2) improperly discharging a firearm into a habitation, (3) tampering with evidence, and (4) felonious assault.  The court sentenced Creel to a total of twenty years to life in prison.  The court further ordered that Creel spend every December 25th in solitary confinement during his term of incarceration.  Creel filed a timely appeal, and this Court remanded for consideration of allied offenses pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.  *State v. Creel*, 9th Dist. No. 25476, 2011-Ohio-5893.

{¶3}    At resentencing the court dismissed[1] (1) count three, murder with a firearm specification, (2) count four, improperly discharging a firearm into a habitation, and (3) count six, felonious assault, finding these counts were allied offenses. The court again sentenced Creel to a total of twenty years to life. The court further ordered Creel to spend every Christmas Eve during his incarceration in solitary confinement. Creel now appeals from his resentencing entry and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED BY SENTENCING MR. CREEL TO SPEND DECEMBER 24TH OF EVERY YEAR IN SOLITARY CONFINEMENT.

{¶4}    In his sole assignment of error, Creel argues that the court erred when it sentenced him to spend the anniversary of the killing in solitary confinement. The State concedes that the trial court erred and we agree.

{¶5}    "Pursuant to R.C. 2953.08(G)(2), an appellate court may vacate a sentence and remand for a new sentencing hearing if the sentence is contrary to law." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 14, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 4. Sentencing statutes do not contain a provision authorizing courts to impose solitary confinement as punishment. "It is the legislature who fixes the available types of punishment." *State v. Vaughn*, 7th Dist. No. 683, 2002-Ohio-5046, ¶ 23, *rev'd* on other grounds, 2003-Ohio-7023. Ohio courts have recognized that sentences of solitary confinement are contrary to law. *State v. Yirga*, 3d Dist. No. 16-01-24, 2002-Ohio-2832, ¶ 40-42. *See also State v. Mendoza*, 6th

---

[1] We note that the trial court used the term "dismissed" in its entry, but it appears to have meant that it merged the counts because it found that they were allied offenses of similar import.

Dist. No. WD-10-008, 2011-Ohio-1971, ¶ 26; *State v. Williams*, 8th Dist. No. 88737, 2007-Ohio-5073, ¶ 20; *State v. Batton*, 9th Dist. No. 96CA006505, 1997 WL 600661, *5 (Sept. 17, 1997).

{¶6}    The court ordered Creel to spend every Christmas Eve in solitary confinement during his incarceration.  The court had no statutory authority to impose such a condition.  *See Vaughn* at ¶ 23.  Therefore, we sustain Creel's sole assignment of error.  We vacate the portion of his sentence that imposes solitary confinement and remand for resentencing.  *See Wilson* at ¶ 14; *Saxon* at paragraph three of the syllabus.

{¶7}    Upon review of the sentencing entry, we note that the court erred in sentencing Creel to a mandatory five years of post-release control.  Creel was convicted of murder, a special felony, and tampering with evidence, a felony of the third degree.  A special felony is not subject to post-release control.  *State v. Wright*, 9th Dist. No. 24610, 2009-Ohio-6081, ¶ 6; R.C. 2967.28.  "Pursuant to R.C. 2967.28(B)(1), the only offenders subject to five years of post-release control are those convicted of first-degree felonies or felony sex offenses." *Wright* at ¶ 7.  Creel was not convicted of either.  When the court fails to properly impose post-release control, that portion of the sentence is void.  *State v. Grooms*, 9th Dist. No. 25819, 2011-Ohio-6062, ¶ 6, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238.  Accordingly, we remand for the trial court to properly impose post-release control for Creel's tampering with evidence conviction.

III

{¶8}    Creel's assignment of error is sustained.  The portion of the Summit County Court of Common Pleas judgment that imposes solitary confinement is vacated and the case is remanded for resentencing.

Judgment reversed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JILL R. FLAGG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.