[Cite as *State v. Penwell*, 2012-Ohio-5872.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25724 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| XZAVIER T. PENWELL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 06 1717(A) |

DECISION AND JOURNAL ENTRY

Dated: December 12, 2012

MOORE, Judge.

{¶1} Defendant-Appellant, Xzavier Penwell, appeals from his sentence and conviction set forth in the December 8, 2010 judgment entry of the Summit County Court of Common Pleas. For the following reasons, we affirm in part, reverse in part, and vacate in part.

I.

{¶2} This matter stems from the robbery and murder of Mr. Abudlmahdi Al-Garawi on April 22, 2010. In connection with the attack, Mr. Penwell was indicted for aggravated murder, murder, aggravated robbery, tampering with evidence, and having a weapon while under disability, along with firearm specifications related to those offenses. Mr. Penwell pleaded not guilty to all charges and the matter proceeded to jury trial. A jury found Mr. Penwell guilty of all charges, and the trial court sentenced him to serve a total of 50 years to life in the Ohio Department of Rehabilitation and Correction. Further, the trial court sentenced Mr. Penwell to

"spend every April 22nd in solitary confinement to reflect and contemplate the horrors of his actions."

{¶3} In his appeal, Mr. Penwell argued only that his convictions were against the manifest weight of the evidence. For the reasons stated in *State v. Penwell*, 9th Dist. No. 25724, 2011-Ohio-6246, this Court affirmed his convictions.

{¶4} Pursuant to App.R. 26(B), Mr. Penwell then filed a motion to reopen his appeal contending that his counsel was ineffective for failing to argue (1) that his convictions for aggravated murder and aggravated robbery should have merged under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, and (2) that the portion of his sentence ordering him to spend every April 22nd in solitary confinement is contrary to law. In a journal entry dated March 21, 2012, we granted Mr. Penwell's motion finding "that there is a genuine issue that counsel was ineffective in his representation of [Mr. Penwell] on appeal[.]"

{¶5} Mr. Penwell timely appealed and set forth three assignments of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT IMPOSED SEPARATE SENTENCES FOR OFFENSES THAT AROSE FROM THE SAME CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED FOR SENTENCING PURPOSES UNDER R.C. 2941.25.

{¶6} In his first assignment of error, Mr. Penwell argues that his convictions for aggravated murder and aggravated robbery are allied offenses of similar import and, pursuant to R.C. 2941.25 and *Johnson*, should be merged. In response, the State concedes that the matter

must be remanded for application of *Johnson* to Mr. Penwell's convictions for aggravated murder and aggravated robbery. We agree.

**{¶7}** In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31, the Supreme Court of Ohio held that the failure to properly merge convictions on allied offenses of similar import constitutes plain error because even when sentences are run concurrently, "a defendant is prejudiced by having more convictions than are authorized by law." Further, in *Johnson* at ¶ 44, the Supreme Court of Ohio concluded that the conduct of the accused must be considered in determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25. Examining the defendant's conduct allows a court to determine whether it is possible to commit both offenses by the same conduct. *Id*. at ¶ 48. If both offenses can be committed by the same conduct, then a court must determine "whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id*. at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., concurring in judgment only). "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Johnson* at ¶ 50.

**{¶8}** Because *Johnson* was decided after the trial court sentenced Mr. Penwell, the court did not have the opportunity to consider *Johnson* in deciding whether the offenses of aggravated murder and aggravated robbery should merge. Further, if the trial court decides to merge these offenses, the State must elect the charge upon which to proceed at sentencing. Rather than decide this issue in the first instance, we must remand this matter to the trial court for a determination as to whether Mr. Penwell's offenses are, in fact, allied offenses of similar import. *Johnson* at ¶49-50, citing *Brown* at ¶ 50.

**{¶9}** Mr. Penwell's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT IMPOSED A DAY OF SOLITARY CONFINEMENT ON THE ANNIVERSARY OF MR. PENWELL'S OFFENSES.

{¶10} In his second assignment of error, Mr. Penwell argues that the trial court had no authority to sentence him to solitary confinement on April 22nd of every year. In response, the State concedes that the portion of Mr. Penwell's sentence imposing solitary confinement must be vacated. We agree.

{¶11} In *State v. Creel*, 9th Dist. No. 26334, 2012-Ohio-3550, ¶ 2, we recently addressed a similar situation where the trial court ordered Mr. Creel to "spend every December 25th in solitary confinement during his term of incarceration." In vacating that portion of Mr. Creel's sentence, we stated "[s]entencing statutes do not contain a provision authorizing courts to impose solitary confinement as punishment." *Id*. at ¶ 5.

{¶12} Here, the trial court ordered Mr. Penwell to serve every April 22nd in solitary confinement in order for him to reflect upon his horrible crimes. While we understand the sentiments expressed by the trial court, it was without authority to impose a punishment, such as solitary confinement, which is not authorized by statute. As such, we must vacate that portion of Mr. Penwell's sentence because it is contrary to law.

{¶13} Mr. Penwell's second assignment of error is sustained.

## ASSIGNMENT OF ERROR III

BY FAILING TO CHALLENGE MR. PENWELL'S SENTENCES, ORIGINAL APPELLATE COUNSEL PROVIDED MR. PENWELL WITH INEFFECTIVE ASSISTANCE.

{¶14} In his third assignment of error, Mr. Penwell argues that his original appellate counsel failed to properly raise issues that would have resulted in a different outcome in his first

direct appeal. Specifically, Mr. Penwell contends that his counsel should have raised the following arguments: (1) that his convictions for aggravated murder and aggravated robbery should have merged because they are allied offenses of similar import, and (2) that the trial court lacked authority to impose solitary confinement upon him for one day out of every year.

{¶15} To establish ineffective assistance, Mr. Penwell must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. Pursuant to App.R. 26(B)(9), "[i]f th[is] [C]ourt finds that the performance of appellate counsel was deficient and [Mr. Penwell] was prejudiced by that deficiency, [it] shall vacate its prior judgment and enter the appropriate judgment." Further, "[i]f th[is] [C]ourt does not so find, [it] shall issue an order confirming its prior judgment." *Id.*

{¶16} For the reasons discussed above, this Court finds that Mr. Penwell's appellate counsel's performance was deficient, and Mr. Penwell was prejudiced by this deficiency. Based upon our finding of ineffective assistance, this Court vacates its former decision in *State v. Penwell*, 9th Dist. No. 25724, 2011-Ohio-6246. *See* App.R. 26(B)(9).

{¶17} Mr. Penwell's third assignment of error is sustained.

III.

{¶18} In sustaining Mr. Penwell's three assignments of error, the portion of the Summit County Court of Common Pleas judgment imposing solitary confinement is vacated, the case is remanded to the trial court for consideration of *Johnson* with regard to Mr. Penwell's convictions

for aggravated murder and aggravated robbery, and the remainder of the trial court's judgment is affirmed.

Judgment affirmed in part,<br>
reversed in part,<br>
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

JEREMY J. MASTERS, Assistant State Public Defender, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.