[Cite as *State v. Liuzzo*, 2013-Ohio-5028.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99545**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PAUL LIUZZO

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-516760

**BEFORE:** Jones, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 14, 2013

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Francine B. Goldberg
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant, Paul Liuzzo, appeals his ten-year sentence that was imposed after his plea to numerous counts of pandering sexually-oriented material involving a minor and one count of possessing criminal tools. Additionally, Liuzzo contends that his trial counsel was ineffective. We affirm.

I

{¶2} In 2008, Liuzzo was charged in a 64-count indictment. Counts 1 through 29 charged pandering sexually-oriented material involving a minor in violation of R.C. 2907.322(A)(2). Counts 30 through 63 charged pandering sexually-oriented material involving a minor in violation of R.C. 2907.322(A)(1). Count 64 charged possessing criminal tools. All counts contained a forfeiture specification.

{¶3} Liuzzo pleaded guilty to all counts and specifications as indicted. The trial court sentenced him as follows: four years on each crime contained in Counts 1 through 29, to be served concurrent; three years on each crime contained in Counts 30 through 40, to be served concurrent; three years on each crime contained in Counts 41 through 63, to be served concurrent; and 12 months on Count 64, to be served concurrent. The sentences on Counts 30 through 40, Counts 41 through 63, and Count 64 were ordered to be served consecutively to each other, and concurrently to the four years for Counts 1-29. Liuzzo was therefore sentenced to a total ten-year sentence.

II

{¶4} The charges in this case arose after an investigation by the Ohio Internet

Crimes Against Children Task Force revealed that Liuzzo had been downloading child pornography on his computer. The pornography he had downloaded was available for sharing with other perpetrators through Limeware, which is peer-to-peer file sharing software.

{¶5} According to Liuzzo, he had been sexually abused as a child, and the abuse included his violator taking pictures and videos of him. He maintained that he downloaded the material because he was obsessed with seeing if images of himself taken by his offender were on the internet.

{¶6} Liuzzo raises the following three assignments of error in this delayed appeal:

[I.] The trial court erred by failing to find the convictions of Pandering Sexually-Oriented Matter Involving a Minor, R.C. 2907.322(A)(1) and R.C. 2907.322(A)(2) constitute allied offenses pursuant to Ohio Revised Code §2941.25.

[II.] The trial court erred in failing to consider statutorily required mitigating factors during sentencing hearing.

[III.] The failure of defense counsel to request a hearing on allied offenses denied the appellant his right to the effective assistance of trial counsel.

III

Allied Offenses

{¶7} For his first assigned error, Liuzzo contends that the trial court erred by failing to merge as allied offenses the convictions under the two subsections governing

pandering sexually-oriented matter involving a minor. In his third assignment of error, Liuzzo contends that his counsel was ineffective for not requesting an allied offenses hearing.

{¶8} R.C. 2941.25, which governs allied offenses, provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶9} Under subsection (A)(1) of the pandering statute, Liuzzo was convicted of obtaining the material, and under subsection (A)(2), he was convicted of disseminating it by having it in software accessible to other perpetrators. Liuzzo contends that he "could not have violated (A)(2), to disseminate the materials by leaving his [peer-to-peer sharing software] accessible, without first having obtained the material * * *." Thus, Liuzzo contends that in this case, the "act of downloading [was] a necessary aspect of a dissemination of display via [the software], and therefore the "consecutive sentences violate the statute and double jeopardy protections."

{¶10} The consecutive sentences were not imposed on counts involving the two subsections. Rather, the three-year concurrent sentences for Counts 30 through 40 were ordered to be served consecutive to the three year concurrent sentences for Counts 41 through 63, and all those counts (Counts 30 through 63) charged pandering under R.C.

2907.322(A)(1).

**{¶11}** Further, Counts 30 through 40 involved different dates than Counts 41 through 63. Therefore, on the face of the indictment, Counts 30 through 40 constituted separate offenses from Counts 41 through 63. *See State v. Baker*, 8th Dist. Cuyahoga No. 97139, 2012-Ohio-1833, ¶ 23.

**{¶12}** In light of the above, we find no merit to Liuzzo's contention set forth in his first assignment of error that the trial court failed to merge as allied offenses the convictions under the two subsections governing pandering sexually-oriented matter involving a minor. We necessarily, therefore, also find no merit to his contention that his trial counsel was ineffective for not requesting an allied offenses hearing.

**{¶13}** The first and third assignments of error are overruled.

**{¶14}** For his second assigned error Liuzzo contends that the trial court did not consider mitigating circumstances when sentencing him. Specifically, Liuzzo contends that the trial court "failed to consider [his] victimization as a mitigating factor to his conduct." We disagree.

**{¶15}** The trial court did consider Liuzzo's contention that he was searching pornographic images of children to see if images of himself were on the internet because a perpetrator against him had taken such photographs and videos of him; the court did not believe him. The court referenced that Liuzzo had searched under terms that suggested young girls engaged in inappropriate relationships with older men. Therefore, the court stated that "for you to use [those] search[es] to find potential images of yourself defies

logic."

{¶16} The court also noted that Liuzzo's searches of pornographic child images began in 1995, and he had been "troubled by this alleged sexual abuse for many years, but * * * didn't begin counseling * * * until July of 2008," after law enforcement searched his house and confiscated his computer. Further, when Liuzzo did seek treatment, his primary concern appeared to be his legal problem rather than the underlying issue of his alleged victimization.

{¶17} In light of the above, the trial court did consider Liuzzo's mitigation defense. The court was not obligated, in the exercise of its discretion under R.C. 2929.12(A),[1] to give any particular weight or consideration to any sentencing factor. *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 34 (11th Dist.). So long as the sentencing court duly considers the appropriate sentencing factors, it has full discretion to impose a sentence within the statutory range. *Id.*

{¶18} On this record, we find that the trial court considered the appropriate sentencing factors and sentenced Liuzzo within the permissible range. The second assignment of error is, therefore, overruled.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1]"* * * A court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A).

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR