[Cite as *State v. Liuzzo*, 2014-Ohio-3030.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99545**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# PAUL LIUZZO

DEFENDANT-APPELLANT

## JUDGMENT:
APPLICATION TO REOPEN IS GRANTED IN PART,
DENIED IN PART, AND REMANDED

Cuyahoga County Court of Common Pleas
Case No. CR-08-516760
Application for Reopening
Motion No. 471260

**BEFORE:** Jones, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 9, 2014

**APPELLANT**

Paul A. Liuzzo, pro se
Inmate No. 564-694
2500 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: James M. Price
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} In *State v. Liuzzo*, Cuyahoga C.P. No. CR-08-516760, the applicant, Paul Liuzzo, pled guilty to, and was convicted of 64 criminal charges, including multiple violations of R.C. 2907.332(A)(2) and 2907.322(A)(1), pandering sexually-oriented material involving a minor, as well as one violation of R.C. 2923.24(A), possessing criminal tools. The trial court imposed an aggregate prison sentence of ten years, and this court affirmed the judgment in *State v. Liuzzo*, 8th Dist. Cuyahoga No. 99545, 2013-Ohio-5028.

{¶2} Liuzzo, has filed an application for reopening. He asserts that he was denied effective assistance of appellate counsel in the following respects: (1) his appellate counsel failed to properly raise an alleged error concerning allied offenses of similar import (first proposed assignment of error); (2) his appellate counsel failed to properly raise errors concerning the court's consideration of R.C. 2929.11 and 2929.12 (second proposed assignment of error); (3) his appellate counsel failed to properly raise an issue challenging the court's jurisdiction to impose a lifetime prohibition on his use of a computer (third proposed assignment of error); and (4) that appellate counsel failed to raise any issue concerning trial counsel's ineffectiveness with regard to the foregoing issues (fifth proposed assignment of error). In his fourth proposed assignment of error, Liuzzo questions whether the trial court committed plain error when it did not inform him that he could be ordered to perform community control service to satisfy any outstanding

court costs pursuant to R.C. 2947.23(C), thereby rendering his sentence contrary to law and open to collateral attack. We presume that Liuzzo intended to allege that his appellate counsel was ineffective for not raising that issue as well.

{¶3} The state has filed a brief in opposition to the application for reopening, and Liuzzo has filed a reply. For the following reasons, we deny the application for reopening in part and grant the application for reopening in part. In *State v. Spivey*, 84 Ohio St.3d 24, 701 N.E.2d 696 (1998), the Supreme Court specified the proof required of an applicant as follows:

> [T]he two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id*. at 25.

{¶4} Liuzzo cannot show prejudice with regard to his argument that appellate counsel was ineffective for neglecting to challenge the court's jurisdiction to impose concurrent sentences for allied offenses of similar import. This is because his appellate counsel did raise errors concerning the imposition of multiple sentences for allied offenses of similar import. In addition, appellate counsel asserted that trial counsel was ineffective by not requesting a hearing on allied offenses. This court addressed and overruled both assigned errors and, therefore, has determined that Liuzzo was not

sentenced for allied offenses of similar import. To the extent Liuzzo is contending that this court did not address whether the counts involving concurrent sentences were allied offenses of similar import, the contention is without merit. Appellate counsel alleged that trial counsel was ineffective by not requesting a hearing on allied offenses in the third assignment of error, that this panel reviewed and summarily overruled. *State v. Liuzzo*, 8th Dist. Cuyahoga No. 99545, 2013-Ohio-5028, ¶ 12.

{¶5} To establish ineffective assistance of counsel, it must be demonstrated that counsel's performance fell below the objective standard of reasonable competence, and that there is a reasonable probability that, but for such deficiency, the outcome of the trial would have been different. *Strickland* at 687; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. If the trial court had imposed separate sentences for allied offenses, it would have been plain error even if the sentences involved concurrent time. *E.g.*, *State v. Underwood*, 124 Ohio St. 3d 365, 2010-Ohio-1922 N.E.2d 923, ¶ 7, 31.

{¶6} Because we found that trial counsel was not ineffective for not requesting a hearing as to allied offenses, the necessary inference is that Liuzzo did not prove that the outcome of his sentencing would have been different if counsel had requested an allied offenses hearing. Stated differently, had we determined that there was any possibility that Liuzzo received multiple sentences for allied offenses, the third assignment of error in his initial appeal would have been sustained. Therefore, Liuzzo has not established ineffective assistance of appellate counsel related to the allied offenses issue he has

raised.

Appellate counsel also challenged the sentence that the trial court imposed, specifically alleging that the trial court had failed to consider mitigating factors. Appellant's brief alleged, "As to R.C. 2929.12, seven jurists [in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124] agreed that the trial court's journal must be reviewed to determine if the trial court considered R.C. 2929.12." Appellant's brief at p. 9. Appellant's brief also referenced R.C. 2929.11, as well as the statutory purposes of felony sentencing. *Id.* In resolving the second assignment of error in the initial appeal, this court specifically referenced R.C. 2929.12 and noted that "so long as the sentencing court duly considers the appropriate sentencing factors, it has full discretion to impose a sentence in the statutory range." *State v. Liuzzo*, 8th Dist. Cuyahoga No. 99545, 2013-Ohio-5028, ¶ 17. Liuzzo's contention that appellate counsel failed to properly challenge the trial court's compliance with R.C. 2929.11 and 2929.12 is refuted by the record.

{¶7} In support of his contention that appellate counsel was ineffective for failing to challenge the portion of the sentencing judgment entry that provides "defendant is not to own, possess, or use a computer," Liuzzo relies on *State v. Jerido*, 5th Dist. Stark No. 1997CA00265, 1998 Ohio App. LEXIS 2482 (May 26, 1998) (court erred by banning defendant from Summit County because it is not a permissible penalty pursuant to R.C. 2929.21); *State v. Penwell*, 9th Dist. Summit No. 25724, 2012-Ohio-5872 (state conceded assigned error that punishment of annual solitary confinement is not authorized by

sentencing statutes and court agreed); *State v. Beasley,* 14 Ohio St.3d 74, 471 N.E.2d 774 (1984) ("Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void."); and *State v. Garretson*, 140 Ohio App. 3d 554, 748 N.E.2d 560 (12th Dist.2000) (finding "after Garretson's confinement to prison the trial court was without continuing jurisdiction to alter the sentence or take further action upon it."). Liuzzo also cites R.C. 2929.19 and 2929.14. None of these cases and statutes involve a sentencing provision that banned or restricted an offender's use or possession of a computer. The cases, however, generally establish that a court cannot impose a punishment that is not specifically authorized by the law.

{¶8} In opposing Liuzzo's argument, the state refers to cases that have upheld judicial limitations on computer use as a condition of probation or supervised release. *E.g.*, *State v. Hultz,* 5th Dist. Ashland No. 06-COA-003, 2006-Ohio-4056 (R.C. 2951.02 confers broad discretion in setting terms of probation and prohibiting an offender from using, accessing, or possessing a computer and computer accessories "is related to the crime and rehabilitation, and to deterring future criminality."); *see also United States v. Taylor*, 338 F.3d 1280 (11th Cir. 2003). The Ohio case cited by the state involves the imposition of probation. The court sentenced Liuzzo to prison. The federal cases, although instructive, are not controlling as they apply federal, rather than Ohio, sentencing laws.

{¶9} Under Ohio law, conditions of probation must be reasonably related to three probationary goals that trial courts must consider: (1) whether the condition "is

reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 12, *reaffirming State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1990). Probation conditions must "not be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Id*. at ¶ 13.

{¶10} Federal district courts have reached various conclusions concerning the validity of imposing computer restrictions and internet bans as terms of supervised release. *See United States v. Lantz*, 443 Fed. Appx. 135, 2011 U.S. App. LEXIS 23461 (6th Cir. 2011), citing *United States v. Demers*, 643 F.3d 982 (8th Cir. 2011), *United States v. Phillips*, 370 Fed.Appx. 610 (6th Cir. 2010), *United States v. Brigham*, 569 F.3d 220 (5th Cir. 2009), *United States v. Miller*, 594 F.3d 172, 176 (3d Cir.2010).

{¶11} As quoted by the court in *Lantz*, "consensus is emerging among our sister circuits that Internet bans, while perhaps unreasonably broad for defendants who possess or distribute child pornography, may be appropriate for those who use the Internet to 'initiate or facilitate the victimization of children.'" Courts have struck down as overboard a condition that prohibits the defendant from "accessing any computer equipment or any 'on-line' computer service at any location, including employment or education." *Lantz* at 143-144.

{¶12} There is a reasonable probability that if an error had been raised that

challenged this component of Liuzzo's sentence, it would have been sustained. The court's rationale for imposing a computer restriction in this case is understandable and we agree with the courts that have found that "a ban on internet access is particularly relevant for those who distribute child pornography via the internet." *Id.*; *see also United States v. Dotson*, 715 F.3d 576 (6th Cir.2013) (finding "some limitations on internet access, as well as on the use of devices that can access the internet, is undoubtedly warranted based on the nature of the offense" that involved downloading sexually explicit images of children from the internet.)

{¶13} The court in *Dotson* made "the undisputed observation that computers, cell phones, and Internet access play a fundamental role in the modern age, a role that will undoubtedly have increased by the time [the offender] is released from prison." *Dotson*. "Of specific concern is the role of technology in the workplace and education institutions" and the realistic likelihood that "effective rehabilitation and return to a productive role in society may well be dependent upon obtaining education that provides the skills necessary for employment." *Id*. at 587.

{¶14} The restriction that was imposed in this case appears to be overly broad. A restriction on computer use and access in this case meets all three of the requisite probationary goals set forth above, however, as currently fashioned the restriction is too broad and should be qualified in a way that would facilitate the offender's rehabilitation and reintegration into society. For example, prohibiting the offender from using or accessing the computer for any recreational purpose would satisfy the probationary goals

while at the same time allowing computer use for business and educational purposes.

**{¶15}** However, unlike federal law (i.e., 18 U.S.C. 3583), Ohio's sentencing statutes do not authorize the imposition of an internet or computer ban as a term of incarceration. Some type of computer restriction could have been imposed if a term of community control sanction was involved, but in this case there is no term of community control sanctions. R.C. 2929.15(A); *see also State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-2766 (upholding trial court's imposition of community control sanction term in addition, and consecutive, to a separate term of incarceration). While the restriction is not authorized by statute, the imposition of the condition does not render the sentence void. The proper remedy is to vacate that portion of the sentence. *State v. Penwell*, 9th Dist. Summit No. 25724, 2012-Ohio-5872, ¶ 12. This proposed assignment of error has partial merit.

**{¶16}** The final proposed assignment of error relates to the former version of R.C. 2947.23(A)(1)(a) and (b)[1] that required the trial court to inform Liuzzo that it could order him to perform community service to satisfy any outstanding court costs. Liuzzo argues that this rendered his sentence void. The state concedes that under the former version of the statute this advisement was mandatory and that the trial court did not inform Liuzzo of

---

[1]Effective September 28, 2012, R.C. 2947.23 was amended to include subsection (A)(1)(b), which provides: "The failure of a judge or magistrate to notify the defendant pursuant to division (A)(1)(a) of this section does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment described in that division or to timely make payments toward that judgment under an approved payment plan."

this provision. This court has already determined that failure to provide the above-referenced statutory notification under the former version of the law does not render the sentence void and that the remedy is a limited remand for the trial court to provide the proper notification. *State v. Cardamone*, 8th Dist. Cuyahoga No. 94405, 2011-Ohio-818, ¶ 14. However, this court has recently held that any error by the court in failing to give the notification is harmless because the March 22, 2013 amendments to the statute no longer require the court to give the notification in cases where the offender is sentenced to a term of incarceration.[2] *State v. Young*, 8th Dist. Cuyahoga No. 99752, 2014-Ohio-1055, ¶ 31 (it would be a futile act to remand for resentencing for failing to provide the notification where the offender was sentenced to a term of incarceration and the notification is no longer required). In *Young*, this court held that the new version of the statute would apply at resentencing. *Id.* Because any error by the trial court in failing to provide the notification is harmless, Liuzzo has not established any prejudice, which is necessary to sustain an ineffective assistance of counsel claim on this issue.

{¶17} The fifth proposed assignment of error generally asserts an ineffective assistance of trial and appellate counsel related to each of the proposed assignments of error. This proposed error is interrelated and dependent upon our disposition of the previously addressed arguments and issues.

{¶18} For the foregoing reasons, the application for reopening based upon

---

[2]Effective March 22, 2013, the notification is only required when "the judge or magistrate imposes a community control sanction or other nonresidential sanction." R.C. 2947.23(A)(1).

proposed assignments of error one, two, and four is denied. The application for reopening based upon proposed assignment of error three is granted in part, the appeal is reinstated to the docket of this court to sustain assignment of error three in part and to remand this matter to the trial court with instructions to vacate the condition that "defendant is not to own, possess, or use a computer." The application for reopening based upon the fifth proposed assignment of error is denied with the exception that it is sustained in part and consistent with the resolution of the third proposed assignment error. Defendant's sentence is to remain unchanged in all other respects.

It is, therefore, ordered that Liuzzo recover of the state his costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR