OPINION
{¶ 1} On July 1, 2005, the Ashland County Grand Jury indicted appellant, Philip Hultz, on one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04 and contributing to the unruliness and/or delinquency of a child in violation of R.C.2919.24. Said charges arose from an incident wherein appellant communicated with a minor over the internet, transported her to his office, and provided her with alcohol and marijuana.
 {¶ 2} On October 24, 2005, appellant pled guilty to the contributing count, and the sexual conduct count was dismissed. By judgment entry filed December 22, 2005, the trial court sentenced appellant to one hundred eighty days in jail, ninety days suspended in lieu of probation. As part of the probation orders, the trial court imposed a curfew and prohibited appellant from being in any location in which minors congregate unsupervised and possessing or using a computer.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ABUSED IT'S DISCRETION IN ORDERING, AS PART OF DEFENDANT'S TERMS OF PROBATION, THAT HE NOT BE IN OR ON THE PREMISES OF ANY LOCATION WHERE MINORS CONGREGATE UNSUPERVISED AS SUCH A PROVISION VIOLATES DEFENDANT'S CONSTITUTIONAL RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 3 OF THE OHIO CONSTITUTION."
 II {¶ 5} "THE TRIAL COURT ABUSED IT'S DISCRETION IN ORDERING, AS PART OF DEFEDANT'S TERMS OF PROBATION, THAT HE NOT BE IN OR ON THE PREMISES OF ANY LOCATION WHERE MINORS CONGREGATE UNSUPERVISED AS SAID TERM IS CONTRARY TO LAW IN THAT (1) IT IS NOT REASONABLY RELATED TO REHABILITATING THE APPELLANT; (2) DOES NOT RELATE TO CONDUCT WHICH IS CRIMINAL OR REASONABLY RELATED TO FUTURE CRIMINALITY AND DOES NOT SERVE THE STATUTORY ENDS OF PROBATION, AND (3) IS SO OVERLY BROAD THAT IT UNNECESSARILY IMPINGES UPON APPELLANT'S LIBERTY."
 III {¶ 6} "THE TRIAL COURT ABUSED IT'S DISCRETION IN ORDERING, AS PART OF DEFENDANT'S TERMS OF PROBATION, THAT HE ABIDE BY AN UNCONDITIONAL CURFEW TO BE AT HIS APPROVED RESIDENCE BETWEEN THE HOURS OF 11:00 P.M. AND 5:00 A.M. AS SAID TERM IS CONTRARY TO LAW IN THAT (1) IT IS NOT REASONABLY RELATED TO REHABILITATING THE APPELLANT; (2) DOES NOT FUTURE (SIC) CRIMINALITY AND DOES NOT SERVE THE STATUTORY ENDS OF PROBATION, AND (3) IS SO OVERLY BROAD THAT IT UNNECESSARILY IMPINGES UPON APPELLANT'S LIBERTY."
 IV {¶ 7} "THE TRIAL COURT ABUSED IT'S DISCRETION IN ORDERING, AS PART OF DEFENDANT'S TERMS OF PROBATION, THAT HE UNCONDITIONALLY NOT POSSESS, USE, OR HAVE ACCESS TO A COMPUTER OR COMPUTER ACCESSORIES AS SAID TERM IS CONTRARY TO LAW IN THAT (1) IT IS NOT REASONABLY RELATED TO REHABILITATING THE APPELLANT; (2) DOES NOT RELATE TO CONDUCT WHICH IS CRIMINAL OR REASONABLY RELATED TO FUTURE CRIMINALITY AND DOES NOT SERVE THE STATUTORY ENDS OF PROBATION, AND (3) IS SO OVERLY BROAD THAT IT UNNECESSARILY IMPINGES UPON APPELLANT'S LIBERTY."
 I, II {¶ 8} Appellant claims the trial court abused its discretion in imposing nonresidential sanction K in its probation orders. Appellant claims the sanction is unconstitutional and does not meet the three part test set forth by the Supreme Court of Ohio in State v. Jones (1990), 49 Ohio St.3d 51.
 {¶ 9} Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 10} Nonresidential sanction K states the following:
 {¶ 11} "The Defendant shall not be in or on the premises of an entertainment center, movie theater, theme park, public park, zoo, art museums, science museum or any other location in which minors congregate unsupervised."
 {¶ 12} Appellant challenges this restriction on constitutional grounds and the following test set forth inJones at 55:
 {¶ 13} "In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation."
 {¶ 14} Under Jones, the restriction is clearly related to the crime of seducing a minor over the internet, transporting her to another location and plying her with alcohol and marijuana. The removal of appellant from places of temptation is related to promoting rehabilitation and good behavior and deterring future criminality. We conclude the restriction passes the Jones test.
 {¶ 15} Appellant argues the sanction is unconstitutional in that it violates his right to peaceably assemble as set forth in Article I, Section 3 of the Ohio Constitution and theFirst Amendment to the United States Constitution. Appellant argues the sanction "impermissibly burdens Appellant's exercise of his fundamental right to freedom of association." Appellant's Brief at 10.
 {¶ 16} It is axiomatic that any criminal sentence will restrict an accused's right of assembly. That is what the correctional system and jails do. Therefore, to argue this blanket protection regarding a criminal sentence is without merit.
 {¶ 17} We are left with the issue of whether the last sentence of the sanction, "or any other location in which minors congregate unsupervised," is overly broad. The trial court made an attempt in the first part of the sanction to define the places where children/minors may be found, and this part of the sanction is clear and unambiguous.
 {¶ 18} The problem with the latter part of the restriction is whether it is overly broad and fails to give appellant any guidance on his behavior. To this question, we answer in the affirmative. One can conjure up numerous places where minors may congregate unsupervised: any McDonald's or fast food restaurant, any church where youth activities may be taking place prior to the arrival of supervision, any shopping malls/areas where minors may be.
 {¶ 19} We therefore conclude without any specific qualifiers to the latter part of nonresidential sanction K, the sanction is overly broad. The matter is remanded to the trial court for further delineation of the nonresidential sanction K restriction.
 {¶ 20} Assignment of Error I is denied. Assignment of Error II is affirmed in part and reversed in part.
 III, IV {¶ 21} Appellant claims the trial court erred in imposing nonresidential sanctions E and I. We disagree.
 {¶ 22} Nonresidential sanctions E and I state the following, respectively:
 {¶ 23} "The Defendant is ORDERED to abide by the following curfew: Defendant to be at approved residence between the hours of 11:00 p.m. and 5:00 a.m., unless granted permission by the Adult Parole Authority to do otherwise.
 {¶ 24} "The Defendant shall not possess, use, or have access to a computer or computer accessories."
 {¶ 25} Appellant argues these sanctions violate the Jones
test set forth supra. It is clear from the sentencing hearing that appellant plied a minor girl with alcohol and drugs after meeting her and maintaining a relationship with her via the use of a computer and the internet. T. at 12. Further, appellant's computer was loaded with internet sites depicting pornography, bondage and sadistic behavior. T. at 14-16. We find the computer restriction is related to the crime and rehabilitation, and to deterring future criminality.
 {¶ 26} As for the curfew restriction, a trial court has a legitimate interest to impose a curfew on a probationer in an attempt to cure criminal behavior. Further, appellant freely admitted the offense was related to drug and alcohol abuse. T. at 4-5. We find the curfew restriction is related to the crime and rehabilitation, and to deterring future criminality.
 {¶ 27} Assignments of Error III and IV are denied.
 {¶ 28} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed in part, reversed in part and remanded.
Farmer, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellant.