[Cite as *State v. Hernandez*, 2022-Ohio-2028.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

JOVON HERNANDEZ

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Craig R. Baldwin, J.

Case No. 21-COA-018

O P I N I O N

CHARACTER OF PROCEEDINGS:     Appeal from the Ashland County Court of Common Pleas, Case No. 21-CRI-053

JUDGMENT:     Affirmed in part; Reversed in part; and Remanded

DATE OF JUDGMENT ENTRY:     June 14, 2022

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL
Ashland County Prosecutor

NADINE HAUPTMAN
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

For Defendant-Appellant

BRIAN A. SMITH
Brian A. Smith Law Firm, LLC
123 South Miller Road, Suite 320
Fairlawn, Ohio 44333

*Hoffman, J.*

{¶1} Defendant-appellant Jovon Hernandez appeals the judgment entered by the Ashland County Common Pleas Court convicting him following his plea of guilty to identity fraud (R.C. 2913.49(B)(1), (I)(2)) and sentencing him to 120 days in the Ashland County Jail and two years of community control.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} At 12:06 a.m. on March 4, 2020, Trooper Steven Hill of the Ohio State Highway Patrol stopped a vehicle after witnessing the vehicle travel over the white dividing line on Interstate 71 in Ashland County, Ohio.  The driver of the vehicle identified himself as Stephen Miller II, and gave his date of birth.  The trooper noticed an odor of marijuana coming from the vehicle.  After questioning the driver, the trooper conducted a search of the vehicle.  The search yielded several small "roaches" and a bag of green vegetable matter.  The trooper issued a citation for possession of marijuana and a warning for the marked lanes violation.

{¶3} On April 2, 2020, Stephen Miller II called the Ohio State Highway Patrol in reference to the marijuana citation he was issued on March 4, 2020.  Miller advised he was not in Ashland County on the date in question, and his brother, Appellant, had used his identifying information during the traffic stop.  Miller provided other information to the police to verify his identity.  Miller identified Appellant as having marks on his face from an automobile accident.

{¶4} Appellant was indicted by the Ashland County Grand Jury on one count of identity fraud in violation of R.C. 2913.49(B)(1) and (I)(2).  He entered a plea of guilty in the Ashland County Common Pleas Court.  He was sentenced to 120 days incarceration

in the Ashland County Jail, and two years of community control. Among the conditions of his community control, Appellant was ordered to abide by a curfew at an approved residence between the hours of 10:00 p.m. and 6:00 a.m. unless granted permission by his supervising officer to do otherwise. Appellant was further required to obtain and maintain gainful employment, and Appellant "shall not lose his employment for cause, nor shall he change said employment, without the prior written approval of his supervising officer." Judgment Entry, August 18, 2021. It is from the August 18, 2021 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

I. THE TRIAL COURT'S IMPOSITION OF A CURFEW ON APPELLANT, AS A CONDITION OF APPELLANT'S COMMUNITY CONTROL, WAS AN ABUSE OF DISCRETION.

II. THE TRIAL COURT'S IMPOSITION OF REQUIREMENTS THAT APPELLANT NOT LOSE HIS EMPLOYMENT FOR CAUSE, NOR CHANGE HIS EMPLOYMENT, WITHOUT THE PRIOR WRITTEN APPROVAL OF HIS SUPERVISING OFFICER, AS A CONDITION OF APPELLANT'S COMMUNITY CONTROL, WAS AN ABUSE OF DISCRETION.

I., II.

{¶5} In his first assignment of error, Appellant argues the trial court abused its discretion in imposing a curfew on Appellant as a condition of his community control. In

his second assignment of error, Appellant argues the trial court abused its discretion in imposing as a condition of community control he not lose his employment for cause and not change his employment without prior written permission of his supervising officer. Because both arguments are governed by the same legal standard, we address Appellant's assignments of error together.

{¶6} Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶7} "Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *State v. Chapman*, 163 Ohio St.3d 290, 2020-Ohio-6730, 170 N.E.3d 6, ¶8. However, a condition "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty.' *Id.*, *quoting State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1980). In determining whether a condition of community control is related to the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of community control. *Jones, supra*, at 53.

{¶8} This Court has previously affirmed imposition of a curfew as a condition of probation where the defendant was convicted of unlawful sexual conduct with a minor, with the charges arising from an incident wherein the defendant communicated with a minor over the internet, transported her to his office, and provided her with alcohol and marijuana. *State v. Hultz*, 5th Dist. Ashland No. 06-COA-003, 2006-Ohio-4056. In *Hultz,* we concluded the curfew was related to the crime and to rehabilitation, and to deterring future criminality. *Id.* at ¶26.

{¶9} The State argues the curfew in the instant case is related to the crime because it is harder to detect Appellant's impersonation of his brother at night, when visual acuity is lower, and observation of the scars on Appellant's faces which distinguish his appearance from his brother's appearance is more difficult. However, we find this argument does not distinguish the instant case from other crimes, as any crime is more difficult to detect at night than during daylight hours. The State's argument relates to catching Appellant impersonating his brother, and not to prevention of the crime in the first instance. Other than the fact the instant offense occurred at night, we find no relationship between the crime committed by Appellant and the curfew restriction imposed in this case. Accordingly, we find the trial court abused its discretion in imposing a curfew in the instant case as a condition of community control.

{¶10} Appellant also argues the condition of community control requiring him to not be terminated from his employment for cause infringes on his right to at-will employment, to enter contracts, and to free association. He further argues he can be legally terminated as an at-will employee in Ohio, leaving him subject to a "former employer's self-serving contention" his termination was for "cause."

{¶11} Appellant does not argue the condition requiring him to obtain and maintain gainful employment is an abuse of discretion. We find the requirement he not be terminated for cause is not an abuse of discretion. Maintaining employment serves rehabilitative purposes, and generally serves the purpose of preventing future crime by an offender, including Appellant. We decline to speculate on a future case wherein Appellant's employer presents a self-serving, untrue contention concerning the reason for his termination, and entrust the supervising officer and trial court to apply the plain meaning of "for cause" to prevent a situation where Appellant's community control is revoked for losing employment through no fault of his own.

{¶12} Appellant also argues the condition requiring him to obtain permission from his supervising officer before any change in his employment is overbroad, and does not serve the purposes of rehabilitation or preventing further crime. We agree. We find this condition could in fact deter rehabilitative purposes by limiting Appellant's ability to make positive changes in his employment through promotion in his current job, accepting a better job, or changing shifts. We find requiring Appellant to first obtain written permission from his supervising officer before changing his employment does not relate in any way to the crime of identity fraud, nor does it promote the purposes of rehabilitation and deterring further crime.

{¶13} The State argues because the crime is identity fraud, the State has an interest in knowing where he employed. However, this purpose is served by the requirement Appellant notify his supervising officer of his place of employment, a condition which Appellant has not challenged on appeal. We find no further purpose is served by requiring Appellant to get permission before changing his employment.

{¶14} In summary, we find the trial court abused its discretion in requiring Appellant to abide by a curfew and to obtain permission before changing employment as conditions of his community control. We find the trial court did not abuse its discretion in requiring Appellant to not be terminated from his employment for cause. The first assignment of error is sustained. The second assignment of error is sustained in part and overruled in part.

{¶15} The judgment of the Ashland County Common Pleas Court is affirmed in part, reversed in part, and this case is remanded to that court for further proceedings according to law, consistent with this opinion.


By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur