[Cite as *State v. McPherran*, 2023-Ohio-3329.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 23COA006 |
| | : | |
| MEGAN MCPHERRAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Ashland County Court
of Common Pleas, Case No. 21CRI209


JUDGMENT:        AFFIRMED


DATE OF JUDGMENT ENTRY:        September 19, 2023


APPEARANCES:

For Plaintiff-Appellee:

CHRISTOPHER R. TUNNELL
ASHLAND CO. PROSECUTOR
NADINE HAUPTMAN
110 Cottage Street, Third Floor
Ashland, OH 44805

For Defendant-Appellant:

CHRISTOPHER BAZELEY
9200 Montgomery Rd., Suite 8A
Cincinnati, OH 45242

*Delaney, J.*

{¶1} Appellant Megan McPherran appeals from the Uniform Sentencing Entry of the Ashland County Court of Common Pleas dated February 3, 2023. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Appellee moved for the pre-sentence investigation (PSI) to be made part of the record under seal for our review. The following facts are adduced from appellant's PSI and the record of the change-of-plea hearing.

{¶3} This case arose in October 2021 when appellant called police to report a break-in at her residence. As appellant spoke to police, they noticed a folding knife sticking out of her pocket and seized it.  They asked appellant whether she had any knives in her bra and appellant swept her hand across her chest. When she did so, officers observed a plastic item in her chest area. When officers asked what the item was, appellant again swept her hand across her chest and a plastic baggie fell onto the grass. Officers picked it up with gloves and suspected it contained methamphetamine. The substance was later tested and determined to be methamphetamine.

{¶4} Throughout the case, appellant's defense was the narcotics were not hers, she didn't know how the baggie got into her shirt, and someone put it there to frame her.

{¶5} Appellant was charged by indictment with one count of aggravated drug possession [methamphetamine] pursuant to R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree, and entered a plea of not guilty.

{¶6} Appellant filed a motion for intervention in lieu of conviction (ILC) and the trial court stayed proceedings pending appellant's evaluation.  Appellant was not

approved for ILC. She remained on bond throughout the proceedings and was required to drug test regularly. She tested positive for fentanyl twice but denied all knowledge and use of narcotics, claiming the test results were wrong.

{¶6} On December 13, 2022, appellant appeared before the trial court and entered a plea of guilty as charged. The trial court reviewed appellant's constitutional rights, accepted her plea of guilty, and found her guilty. The trial court ordered a PSI.

{¶8} Appellant appeared for sentencing on February 3, 2023. At the beginning of the hearing, the trial court noted appellant tested recently positive for fentanyl, her second positive drug test while on bond. Appellant denied any use or knowledge of fentanyl; the trial court stated it would give appellant the benefit of the doubt based on her lengthy history of negative drug screens and appellant was still amenable to community control.

{¶9} On the record at the sentencing hearing, the trial court imposed a residential sanction of 180 days in jail, or until appellant could be admitted to a local CBCF where she would be required to successfully complete its treatment program. Appellant's supervision is to continue for 3 years and includes a number of nonresidential sanctions and varying levels of supervision. Appellant was ordered to, e.g., obtain evaluations for substance abuse and mental health and follow all treatment recommendations, to comply with random drug testing, to have no contact with persons with criminal backgrounds, and to not associate with or visit anyone in any correctional facility. Nor can appellant communicate with anyone in a correctional facility.

{¶10} In the trial court's sentencing judgment entry, the court considered the factors in R.C. 2929.13 and the P.S.I., and found appellant amenable to a 3-year term of

community control including a period of 180 days in a CBCF. The trial court also imposed a number of nonresidential sanctions, including the following relevant to the instant appeal:

> * * * *.
>
> The defendant is ORDERED to abide by the following curfew: defendant to be at approved residence between the hours of 10:00 p.m. and 6:00 a.m., unless in conflict with verified employment or granted permission by his/her supervising officer to do otherwise.
>
> * * * *.
>
> The defendant SHALL NOT enter the grounds of any correctional facility, nor attempt to visit any prisoner without the written permission of his/her supervising officer and SHALL NOT communicate with any prisoner in any manner without obtaining permission from his/her supervising officer.
>
> * * * *.
>
> The defendant SHALL NOT associate with persons having a criminal background and/or persons who may have gang affiliation, or who could influence Defendant to engage in criminal activity, without the prior permission of his/her supervising officer.
>
> * * * *.
>
> Uniform Sentencing Entry, Feb. 3, 2023, 4 (Emphasis in original).

{¶11} Appellant now appeals from the trial court's sentencing entry.

{¶12} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶13} "THE TRIAL COURT ERRED WHEN IT IMPOSED CONDITIONS OF COMMUNITY CONTROL THAT REQUIRED MCPHERRAN TO COMPLY WITH A CURFEW, AVOID CONTACT WITH ANY PERSON KNOWN TO HAVE A CRIMINAL RECORD, AND NOT VISIT ANYONE WHO IS INCARCERATED."

## ANALYSIS

{¶14} In her sole assignment of error, appellant argues the trial court erred in imposing certain conditions of community control that are not related to the underlying offense or to her rehabilitation.  We disagree.

{¶15} Pursuant to R.C. 2951.02, the trial court is granted broad discretion in setting conditions of probation. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). As recently pronounced by the Ohio Supreme Court, "Stated differently, an abuse of discretion involves more than a difference of opinion: the " 'term discretion itself involves the idea of choice, of an exercise of will, of a determination made between two competing considerations.'" [citations omitted]. For a court of appeals to reach an abuse of discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that " 'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.' " [citations omitted]. *State v. Weaver,* Slip Opinion No. 2022-Ohio-4371, ¶ 24.

{¶16} "Generally, a court will not be found to have abused its discretion in fashioning a community-control sanction as long as the condition is reasonably related to the probationary goals of doing justice, rehabilitating the offender, and insuring good behavior." *State v. Chapman*, 163 Ohio St.3d 290, 2020-Ohio-6730, 170 N.E.3d 6, ¶ 8. However, a condition "cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Id.*, *quoting State v. Jones*, 49 Ohio St.3d 51, 52, 550 N.E.2d 469 (1980).

{¶17} In determining whether a condition of community control is related to the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of community control. *Jones, supra*, at 53. We review the challenged condition of probation and determine whether it is related to the crime and to rehabilitation, and will deter future criminality. *State v. Hultz*, 5th Dist. Ashland No. 06-COA-003, 2006-Ohio-4056, ¶ 26.

{¶18} In the instant case, appellant has consistently denied use and knowledge of narcotics, but methamphetamine fell out of her shirt and she tested positive for fentanyl twice. Appellant argued before the trial court that someone tried to frame her and the test results were wrong, but the repeated denials strain credulity in light of the evidence. Appellant pled guilty to possession of illegal narcotics. Upon our review of the facts of this case, we find the curfew and restrictions on associating with criminals and incarcerated persons to be reasonably related to the purposes of appellant's successful

rehabilitation, which is first and foremost dependent upon her sobriety. These conditions are designed in part to keep appellant away from illegal narcotics and are standard conditions of community control. Appellant may ask permission from her supervising officer if she has a reason to deviate from these conditions.

{¶19} Appellant's argument is premised upon our decision in *State v. Hernandez*, 5th Dist. Ashland No. 21-COA-018, 2022-Ohio-2028, in which we found the trial court abused its discretion in imposing two conditions of probation which we found to have no relation to the defendant's underlying crime or his rehabilitation. The defendant in that case was convicted of identity fraud after he used his brother's identifying information when stopped by a trooper and cited for possession of marijuana. *Id.,* ¶ 4. We found the trial court abused its discretion in imposing a curfew and a requirement that the defendant not lose or change his employment without prior permission of his supervising officer because those conditions were not sufficiently related to the underlying offense or the defendant's rehabilitation. *Hernandez*, supra, 2022-Ohio-2028, ¶ 12-13. We find the circumstances in *Hernandez* to be distinguishable from those in the instant case, in which appellant's successful probation is dependent upon her sobriety.

{¶20} Appellee directs our attention to our decision in *State v. Miletto*, 5th Dist. Ashland No. 20-COA-009, 2023-Ohio-2161, in which we applied the analysis from *Hernandez*, supra. In *Miletto*, the defendant was convicted of intimidation, obstruction of official business, child endangering, and firearm specifications. *Id.,* ¶ 6. The trial court's community-control sanctions included a curfew; that the appellant shall not enter the grounds of any correctional facility or attempt to visit any prisoner in any manner, nor communicate with any prisoner in any manner, without permission from his supervising

officer; and that the appellant shall not associate with persons having criminal backgrounds and/or persons who may have a gang affiliation without prior permission from his supervising officer. *Id.* We found that the condition prohibiting contact with any persons with gang affiliations or criminal backgrounds, and not visiting anyone who is incarcerated, were reasonably related to his rehabilitation and arguably serve to ensure his good behavior, noting the conditions may be waived by the appellant's supervising officer if appropriate. *Id.* at ¶ 41.

{¶21} We found the imposition of a curfew is not reasonably related to rehabilitating the appellant, nor does it bear a relationship to the appellant's crimes or relate to his potential for future criminality. *Id.,* ¶ 42. The conditions challenged in *Miletto* are similar or the same as those in the instant case, but again, we find the curfew and association restrictions in the instant case to be reasonably related to appellant's rehabilitation, to ensure her environment is not conducive to illegal drug use, and serve to ensure her good behavior.

{¶22} We find the trial court did not abuse its discretion in fashioning appellant's community control sanctions and overrule the sole assignment of error.

**CONCLUSION**

{¶23} Appellant's sole assignment is overruled and the judgment of the Ashland County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Wise, P.J. and

King, J., concur.